UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ODELL GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-49-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HARLEY G. LAPPIN, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

The Court considers Plaintiff Odell Griffin's motion [R. 43] seeking relief under Federal Rule of Civil Procedure 60(a) from the Memorandum Opinion and Order and Judgment [Rs. 38 and 39] entered on March 21, 2011, which granted the United States summary judgment in this matter. For the reasons set forth below, the Court will deny Griffin's motion.

**I.**

On March 4, 2010, Griffin filed an Amended Complaint asserting negligence claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Griffin alleged that between June 2007 and August 2009, various employees of the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, failed to properly treat his numerous medical conditions, causing him to experience significant renal and urinary deterioration on August 24, 2009, and to fall on that date and fracture his leg. He claimed that he then received more inadequate and negligent medical treatment at the prison, which caused him to suffer other orthopedic medical complications.

1

The United States moved for summary judgment, arguing that the record reflects that Griffin received prompt and comprehensive medical care between June 27, 2007, and May 5, 2010. Specifically, the United States pointed to the Declaration of Dr. Richard Ramirez, Bureau of Prisons ("BOP") Regional Director, in which he concluded that Griffin's medical complications and need for emergency treatment were due to the inherent nature of Griffin's twenty-year chronic kidney condition, not medical negligence. [R. 28, Attach 6. at 20, ¶¶ 23-25.] Dr. Ramirez further opined that Griffin's leg fracture failed to heal promptly because of "the pathological nature of the fracture, not a deviation of the standard of care." [*Id*. at ¶ 25.]

The United States argued that Griffin had not established medical malpractice under Kentucky law because he offered only speculative and unsupported conclusions of negligence and proximate cause, and because he failed to present an expert opinion establishing either the standard of care or that BOP medical officials deviated from the applicable standard of care. The United Stated further alleged that due to the complexities of Griffin's various renal, urinary, and related conditions, he could not rely on the "common knowledge" exception, under which an expert is unnecessary if the common knowledge or experience of laymen is adequate to infer negligence from the facts.

On March 21, 2011, the Court granted the United States' motion for summary judgment, finding that Griffin had failed to establish a *prima facie* case of medical negligence because he had not established, regarding any of his medical conditions: (1) the duty of care of a reasonably competent practitioner in the same medical field; (2) that any federal employee breached that undefined duty of care; and (3) that any federal employee either caused his preexisting kidney and related urinary conditions to worsen or caused him to break his leg on August 24, 2009. The

Court also determined that because Griffin's medical conditions were so complex, he could not use the "common knowledge" exception and thereby avoid presenting an expert medical opinion verifying that medical negligence had occurred between 2007 and early 2010.

On April 29, 2011, the Clerk received two filings from Griffin, the instant motion seeking relief from the Order granting summary judgment [R. 43] and a Notice of Appeal [R. 44]. Griffin alleged in his motion that the Court improperly concluded that his failure to present expert testimony was fatal to his FTCA claims. Griffin stated that "if plaintiff was able to retaind [sic] an expert witness or provided with those records from the D.C. Department of Corrections, which contains information from experts in the medical field, it would support his claim." [R. 43 at 2, n. 1.] Griffin also challenged the Court's refusal to appoint counsel to assist him.

Further, Griffin reiterated the claims he asserted in his Amended Complaint, *i.e.* that the defendants negligently treated his medical conditions and that their negligence caused his pain and suffering. Griffin argued that the Court ignored his allegations that the defendants had been put on notice of his serious health problems but had nevertheless failed to provide him with proper medical treatment.

Finally, Griffin alleged that the Court denied him due process of law by misinterpreting Kentucky negligence law, and that the Court ". . .failed or omitted to rule on the plaintiff's claims on the merits.. . .This court must address the claims to give plaintiff an opportunity access [sic] to the court that every person have a right to under the constitution [sic]." [*Id*. at 3.]

**II.**

Griffin signed both his Rule 60(a) motion and his Notice of Appeal on March 31, 2011. [*See* R. 43 at 5; R. 44 at 2.] Although USP-McCreary initially processed both mailings on April

3

2, 2011, both mailings were refused for inadequate postage, and handwritten notations on both envelopes state "[r]ec'd back 4/21/11." [R. 43, Attach. 2 at 1; R. 44, Attach. 2 at 1].[1] Griffin's Rule 60(a) motion and his Notice of Appeal were therefore not filed until April 29, 2011.

Assuming that Griffin's appeal is timely, it would divest the Court of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). The Sixth Circuit has created an exception to this rule by allowing district courts to entertain a motion for relief from judgment after an appeal has been filed if it so chooses. *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). Whether to entertain this type of post-judgment motion while an appeal is pending is a decision within the district court's discretion. *LSJ Investment Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). The Court elects to exercise its discretion and entertain Griffin's motion seeking relief from judgment.

Griffin cites Federal Rule of Civil Procedure 60(a), which permits a district court to relieve a party from a final judgment or order to correct "clerical mistakes in judgments [and] orders ... arising from oversight or omission ... at any time of its own initiative or on the motion of any party." Fed. R. Civ. P. 60(a). In contrast, Rule 60(b) allows relief from judgment on six grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the

---

[1] Presumably, after the postal service rejected both mailings for insufficient postage, they arrived at USP-McCreary on April 21, 2011. Griffin apparently re-mailed both submissions and the Clerk of this Court received them on April 29, 2011.

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated ; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)-(6).

Griffin's reliance in his motion on Rule 60(a) is misplaced because he does not complain of a "clerical" mistake. Instead, he alleges that the Court reached the wrong result on the merits of the claim. Therefore, his motion more properly falls under either Rule 60(b) or, because his motion seeks reconsideration of the final judgment entered on March 21, 2011, under Federal Rule of Civil Procedure 59(e). A court may alter a judgment pursuant to Rule 59(e) if it was premised upon a clear misunderstanding of the controlling law or the issues presented by the parties, or where after entry of the judgment the parties discover previously unavailable and material evidence or there is an intervening change in the controlling law. *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003); *Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Under either rule 59(e) or Rule 60(b), Griffin is not entitled to post-judgment relief. Rule 59(e) does not apply because the Court did not grant summary judgment against Griffin based on a clear misunderstanding of the controlling law or the issues, no intervening change in the controlling law has occurred, and Griffin does not offer previously unavailable and newly discovered material evidence which by due diligence he could not have discovered earlier. Similarly, Rule 60(b)(1)-(3) does not assist Griffin because he does not allege grounds constituting mistake, inadvertence, surprise, or excusable neglect; he does not allege fraud, misrepresentation, or other misconduct by the United States; and, again he does not present newly discovered evidence. His claims would fall, at best, under Rule 60(b)(6), the residual

provision.

Rule 60(b)(6) provides relief from judgment only in the unusual and extreme situation when "principles of equity" mandate relief. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Such a situation does not exist in this case, where the Court fully considered Griffin's medical records and the government's medical proof, and the Court addressed Griffin's claims and arguments opposing the government's motion for summary judgment.

Griffin's bare claims of negligence were sufficient to avoid dismissal at initial screening, but he was required to present an expert opinion establishing medical malpractice in order to survive the motion for summary judgment. *See Alexander v. Crawford Radiology Clinic*, 2008 WL 540906,(Ky. Ct. App. Feb. 29, 2008); *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982). The Court properly concluded that because of Griffin's complex renal and urinary conditions, he could not rely on the "common knowledge" exception. Griffin failed to present expert testimony, instead interpreting his medical records himself and offering only his own lay opinion that USP-McCreary employees negligently failed to properly treat his various medical conditions and caused his injuries. For that reason, "principles of equity" do not mandate relief under Rule 60(b)(6). *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Finally, pursuant to *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992), and other cases the Court cited, the decision to deny Griffin's motion seeking legal counsel was warranted given the factual and legal issues involved. For these reasons, Griffin's motion seeking relief from judgment will be denied.

**III.**

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Odell Griffin's motion for relief from judgment [R. 43] is **DENIED**; and

(2)      The Clerk of this Court shall forward a copy of this Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Case No. 10-5457.

This the 6th day of July, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge